IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.:

ELLIOT AND SHELLEY LOEWENSTERN,

        Plaintiffs,

vs.

AIG PROPERTY CASUALTY COMPANY,

        Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Defendant, AIG PROPERTY CASUALTY COMPANY (hereinafter "Defendant" or "AIGPCC"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal in order to remove the above-captioned civil action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.  The above-captioned civil State Court action is styled as *Elliot and Shelley Loewenstern v. AIGPCC*, Case No.: 502020CA013872XXXXMB (hereinafter "State Court Action").  The grounds for removal of the State Court Action to this Court are as follows:

1.      AIGPCC is the Defendant in a civil action brought by Plaintiffs, Elliot and Shelley Loewenstern (hereinafter "Plaintiffs"), in the State Court Action which is located within the United States District Court for the Southern District of Florida.  Complete copies of the Plaintiffs' Complaint (hereinafter "Complaint"), Notice of Service of Process, and pleadings served upon AIGPCC in the State Court Action are collectively attached to this Notice of

1

Removal as composite Exhibit "A" pursuant to 28 U.S.C. §1446(a).  To date, no orders have been issued in the State Court Action.

2.     At all material times hereto, AIGPCC was and is a foreign corporation, incorporated in Pennsylvania, doing business in the State of Florida, with its principal place of business in New York.

3.     At all material times hereto, the Plaintiffs were citizens of a different state than AIGPCC, that being Florida, with the subject insured property located at 18105 Long Lake Drive, Boca Raton, Florida 33496 (hereinafter "Insured Property") in Palm Beach County, Florida.  *See* Exhibit A, Complaint, ¶ 5.

4.     The Insured Property was insured by AIGPCC via a surplus lines homeowners' insurance policy issued to Plaintiffs, Elliot and Shelley Loewenstern.  *See* Exhibit A, Complaint, ¶ 5.  The Insured Property is the location of the alleged damages at issue in this suit for which benefits are sought by the Plaintiffs under the aforementioned policy.  *See* Exhibit A, Complaint, ¶ 5.

5.     The current action is a suit between citizens of different states in which the amount in controversy exceeds $75,000.00.  Accordingly, AIGPCC is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

6.     The State Court Action is properly removed to this district and division under 28 U.S.C. § 1441 because it is the district and division embracing the place where the State Court Action is pending.   *See* 28 U.S.C. § 1441(a); *see also* Exhibit A, Complaint, ¶ 1.

7.     The Plaintiffs' aforementioned Complaint filed in Florida State Court was served on AIGPCC on or about December 21, 2020; this is the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Complaint to AIGPCC's designated agent,

and the date upon which AIGPCC's designated agent for service of process received same. *See* Exhibit A, Notice of Service of Process.

8.    In the subject Complaint, the Plaintiffs claim that on or about April 19, 2019, the Insured Property was damaged by a wind and/or hail event. *See* Exhibit A, Complaint, ¶ 7.

9.    The Plaintiffs maintain that AIGPCC breached the contract with Plaintiffs by AIGPCC's "refusal to reimburse Plaintiff [sic] adequately for damages, and otherwise make Plaintiff [sic] whole." *See* Exhibit A, Complaint, ¶ 13.

10.    The allegations contained in the Plaintiffs' Complaint are vague and non-specific with respect to the total amount of the claim as the Complaint alleges, in pertinent part: "This is an action for breach of contract with damages greater than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees." *See* Exhibit A, Complaint, ¶ 1.

11.    In support of the Plaintiffs' claim against AIGPCC for the foregoing, prior to service of suit, the Plaintiffs provided other papers to AIGPCC claiming alleged damage in the amount of $362,919.32, exclusive of the applicable deductible under the governing policy in the amount of $50,000.00. As such, AIGPCC ascertained that the instant case is one that is removable as the amount in controversy exceeds $75,000.00. A copy of the Plaintiffs' documentation provided, consisting of an estimate from Orbis Consulting Inc., is attached hereto and marked as composite Exhibit "B."

12.    Thus, the allegations in the Plaintiffs' Complaint together with the other papers supplied by the Plaintiffs demonstrate that the amount in controversy in this case exceeds $75,000.00, exclusive of any alleged interest and costs as set forth above. *See also Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995).

13.    As such, consistent with 28 U.S.C. §1446, this Notice of Removal is timely filed within thirty (30) days of AIGPCC's receipt of the initial pleading and/or receipt of other papers

from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00.  *See* Exhibits A and B.

14.     A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court in the State Court Action.

**WHEREFORE**, Defendant, AIGPCC, respectfully requests that the civil action filed by Plaintiffs in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq*, and that this Honorable Court accept jurisdiction of this action.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on the 20th day of January 2021 we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:/*s/ Crystalin  Medeiros*
Steven C. Teebagy, Esquire
Florida Bar No.:  64823
Crystalin C. Medeiros, Esquire
Florida Bar No.:  56342
**The Teebagy & Medeiros Law Group, PLLC**
P.O. Box 221647
West Palm Beach, FL 33422
Phone: (561) 229-0280
Facsimile: (561) 229-0281
Service Email:  eservice@thetmlaw.com
Counsel for Defendant

## SERVICE LIST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

ELLIOT AND SHELLEY LOEWENSTERN V.  AIG PROPERTY CASUALTY COMPANY

CASE NO.:

Cohen Law Group
Ana Francolin, Esquire
FBN.: 23162
350 North Lake Destiny Road
Maitland, Florida 32751
Telephone: (407) 478-4878
Facsimile: (407) 478-0204
Primary: afrancolin@itsaboutjustice.law
Secondary: ari@itsaboutjustice.law
*Attorney for Plaintiffs*